Filed 10/4/23  P. v. Negrete CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SAMUEL NEGRETE,<br><br>    Defendant and Appellant. | 2d Crim. No. B327981<br>(Super. Ct. No. 23PT-00095)<br>(San Luis Obispo County) |

Samuel Negrete appeals from the trial court's order committing him for continued treatment as an offender with a mental health disorder (OMHD).  (Pen. Code,[1] § 2960 et seq.)

In 2019, the trial court sentenced Negrete to five years in state prison after he committed assault with a deadly weapon. (§ 245, subd. (a)(1).)  Four years later, the Board of Parole Hearings determined that Negrete met the criteria for continued treatment as an OMHD.  Negrete filed a petition contesting that determination.  (§ 2966, subd. (c).)  He requested a court trial.

---

[1] Statutory references are to the Penal Code.

At trial, a forensic psychologist testified that Negrete suffers from schizoaffective disorder, bipolar type, and was not in remission at the time of his parole hearing. He was paranoid, heard voices, and had delusional beliefs.

Negrete's state hospital records showed that he committed several acts of violence toward staff and patients. The psychologist believed that Negrete could not be kept in remission without treatment due to those acts of violence. He continued to pose a danger to society.

Negrete testified that he was hearing voices when he struck a patient in the head, but claimed that he no longer heard those voices. He was doing better on his medication and attending group therapy sessions. If released he would live with his uncle.

At the conclusion of trial, the trial court found that Negrete met the criteria for continued treatment as an OMHD and ordered an extension of his commitment.

We appointed counsel for Negrete in this appeal. After reviewing the record, Negrete's counsel filed a brief pursuant to *People v. Taylor* (2008) 160 Cal.App.4th 304 stating that he was unable to raise any arguable issues on appeal. Counsel also notified Negrete that he could file his own brief raising any issues he wished this court to consider.

In his brief, Negrete claims he is not "sick" and asks us to order him released from Atascadero State Hospital. Because the documentary evidence and testimony from the forensic psychologist supports the trial court's determination that Negrete met the criteria to continue his treatment as an OMHD, we decline to do so. (*People v. Bowers* (2006) 145 Cal.App.4th 870,

2

879 [psychologist's testimony provides substantial evidence to support continued treatment as an OMHD].)

DISPOSITION

The order continuing Samuel Negrete's treatment as an offender with a mental health disorder, entered April 4, 2023, is affirmed.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


GILBERT, P. J.


CODY, J.


3

Michael B. Sheltzer, Judge

Superior Court County of San Luis Obispo

_____

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.